UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TEDDY ASHCRAFT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) |
| BRIAN SMITH, | ) No. 1:13-cv-1807-TWP-DML |
| Respondent. | ) ) |

**Entry and Order Dismissing Action**

**I.**

**A.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). A viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010); *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'")(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

When the challenged custody results from a prison disciplinary proceeding, due process requires that certain procedural safeguards be observed and that the decision be supported by a minimum quantity of evidence.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

### B.

In the present case, Teddy Ashcraft, a state prisoner, challenges the validity of a prison disciplinary proceeding identified as REF 13-05-0045, wherein he was charged with and found guilty of physically resisting a staff member.

Crediting the evidence most favorable to the finding of the hearing officer, Officer Ball observed Ashcraft smoking something and entered the cell to investigate the situation. He ordered Ashcraft to give him what was in his hand. Ashcraft resisted Officer Ball's command by standing up, turning his back to Officer Ball, and putting what was in his hand into the secured vent in the cell. Ashcraft's physical actions prevented Officer Ball from performing his duty.

Ashcraft's sole challenge here is to the sufficiency of the evidence. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882 F.2d 1171,* 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). As the foregoing recitation shows, however, there was "some evidence" from which the hearing officer could conclude that Ashcraft took

physical action to resist Officer Ball in the performance of his duties. Ashcraft has not replied to the return to order to show cause and thus has not argued otherwise. The evidence of his misconduct was constitutionally sufficient.

**C.**

Based on the foregoing, the petitioner has failed to show that his custody pursuant to the sanctions imposed in No. REF 13-05-0045 is in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus is therefore **denied.**

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 04/25/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TEDDY ASHCRAFT
993581
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronically Registered Counsel